DAVID D. ACKER AND OTHERS, RESPONDENTS, *v.* JACOB
HAUTEMANN, APPELLANT, IMPLEADED, ETC.

*Action to recover the possession of personal property — a seizure of the chattels gives
the court jurisdiction of the action — When the service of an order of arrest before
the service of the summons will be sustained — Code of Civil Procedure, secs.
416, 1693.*

APPEAL from an order made at a Special Term denying a motion
to vacate an order of arrest against Jacob Hautemann, one of the
defendants above named.

This action was commenced on the 5th day of December, 1881, by
the issuing of the summons herein, and by the seizure in replevin
of certain goods which the plaintiffs claim as belonging to them.
The sheriff who made the seizure was provided with copies of
the summons for service on both of the two defendants herein.
Such service was made on defendant Gottschalk on the 5th day of
December, 1881, and on the defendant Hautemann on the 17th day
of December, 1881. On the 12th day of December, 1881, an order
of arrest was granted by Hon. CHARLES DONOHUE against said
defendant Hautemann, and on the same day said Hautemann was
arrested, and gave bail in the sum of $1,500. On the 15th day of
December, 1881, an order to show cause "why said order of arrest
should not be vacated for non-service of summons" was granted,
returnable on the 19th day of December, 1881; but the motion to
vacate was in fact heard on the 20th day of December, 1881.

The court at General Term said: " The error of the sheriff in not
delivering the summons with the other papers was not fatal to the
jurisdiction of the court. That jurisdiction is preserved by section
1693 of the Code, when read in connection with section 416. The
action was brought to recover possession of personal property, and
the effect of the neglect of the sheriff to make service of the sum-
mons was that the chattels were replevied before the service of
the summons. The seizure, therefore, must be deemed as equiva-
lent to the granting of a provisional remedy for the purpose of
giving jurisdiction to the court and enabling it to control the subse-
quent proceedings in the action, and as equivalent to the commence-
ment of the action for the purpose of determining whether or not

the plaintiff had a right to maintain the action, or the defendant is liable thereto.

"Section 416 provides that from the time of granting a provisional remedy the court acquires jurisdiction of the case, and has control of all the subsequent proceedings.

"The summons in this case was afterwards served by the sheriff, and the defect was thereby cured. It had previously been served on the other defendant.

"We see no reason to doubt that the provisions of the sections quoted uphold the ruling of the court below. The order should be affirmed."

*Geo. W. Galinger,* for the appellant.

*David D. Acker, Jr.,* for the respondents.

Opinion *Per Curiam.*

Present — DAVIS, P. J., BRADY and INGALLS, JJ

Order affirmed, with ten dollars costs and disbursements.